# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUHAREM KURBEGOVICH,<br><br>Plaintiffs,<br><br>v.<br><br>UNKNOWN "POLICIANS",<br><br>Respondent. | Case No. 1:15-cv-00716-SAB<br><br>ORDER DISMISSING PETITION, GRANTING PETITIONER LEAVE TO AMEND ON HIS CLAIM CONCERNING THE DENIAL BY THE BOARD OF PAROLE, CONSTRUING PETITIONER'S CLAIM CONCERNING RESTRICTIONS TO MAIL AS A CIVIL RIGHTS COMPLAINT AND DISMISSING THE CIVIL RIGHTS COMPLAINT WITHOUT PREJUDICE |

On April 23, 2015, Petitioner filed the instant petition for writ of habeas corpus in the Sacramento Division of the Eastern District. Petitioner also filed an application for leave to proceed *in forma pauperis*. (ECF No. 2). On May 11, 2015, Magistrate Judge Gregory G. Hollows issued an order noting that the petition appeared to challenge the conditions of confinement and transferred the action to this Court. (ECF No. 5). On May 11, 2015, this Court issued an order authorizing Petitioner to proceed *in forma pauperis* in this habeas action. (ECF No. 7). Petitioner has consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF No. 8).

**I.**

**DISCUSSION**

Petitioner filed this action as a petition for writ of habeas corpus. Rule 4 of the Rules

Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing Section 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254(a).

### A.  Restrictions to Mail Privileges

Petitioner alleges that his mail privileges have been restricted because he has been "held incommunicado for all mail, except mail to and from court clerks." (ECF No. 1 at 3).  Petitioner has raised similar claims in previous petitions in this Court.  See Kurbegovich v. Unknown Politicians, 1:14-cv-01202-LJO-SKO-HC; Kurbegovich v. "Unknown Policians," 1:15-cv-0539-LJO-SAB-HC.

A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

Here, Petitioner's claim concerning the restrictions to his mail is a claim which challenges the conditions of his confinement.  As this claim challenges the conditions of his confinement, Petitioner is not entitled to raise this claim in a habeas petition.  A habeas petition may be construed as a Section 1983 civil rights complaint.  Wilwording v. Swenson, 404 U.S. 249, 251 (1971).  However, the fee is now $400 ($350.00 filing fee plus $50.00 administrative fee) for civil rights cases, and under the Prisoner Litigation Reform Act, the prisoner is required to pay it by way of deductions from income to the prisoner's trust account, even if granted *in forma pauperis* status.  See 28 U.S.C. § 1915(b)(1).  In this case, the Court will construe Petitioner's claim concerning the restrictions to his mail as a Section 1983 civil rights complaint,

1 which has the $400 fee.

2     Plaintiff is not entitled to proceed *in forma pauperis* in a civil rights action like the instant
3 case. Section 1915(g), Title 28 of the United States Code provides that "[i]n no event shall a
4 prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior
5 occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of
6 the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state
7 a claim upon which relief may be granted, unless the prisoner is under imminent danger of
8 serious physical injury." 28 U.S.C. § 1915(g). In order to determine whether Plaintiff is entitled
9 to proceed *in forma pauperis*, the Court may take judicial notice of court records in other cases.
10 See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004).

11     Here, Petitioner has on more than three occasions, while incarcerated, brought an action
12 that was dismissed for being frivolous or failure to state a claim upon which relief could be
13 granted. The Court takes judicial notice of cases Muharem E. Kurbegovich v. Alameida, No.
14 3:04-cv-00537-TEH (N.D. Cal.) (dismissed on October 27, 2004, for failure to state a claim and
15 failure to comply with Rule 8); Muharem Kurbegovich v. Deputy Director, No. 2:04-cv-05662-
16 UA-CW (C.D. Cal) (dismissed on August 4, 20004, because Petitioner was denied leave to
17 proceed *in forma pauperis* on the ground the complaint is legally and/or factually patently
18 frivolous, lacks a short and plain statement under Rule 8, and fails to state a claim); and
19 Muharem Kurbegovich v. Dinko Bozanich, No. 2:03-cv-04742-UA-CW (C.D. Cal.) (dismissed
20 on July 28, 2003, when Petitioner was denied leave to proceed *in forma pauperis* on the ground,
21 *inter alia*, that the complaint is legally and/or factually patently frivolous).

22     These strikes were final prior to the date Petitioner filed this action. See Silva v. Di
23 Vittorio, 658 F.3d 1090, 1098-1100 (9th Cir. 2011). Accordingly, Petitioner is subject to section
24 1915(g) and is precluded from proceeding in forma pauperis unless he was, at the time the
25 complaint was filed, under imminent danger of serious physical injury. See Andrews v.
26 Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). The Court has reviewed Petitioner's petition
27 and finds that he does not meet the imminent danger exception. Petitioner's complaint alleges
28 that he has been "held incommunicado for all mail, except mail to and from court clerks." (ECF

No. 1 at 4). Because Petitioner alleges no facts supporting a finding that he is under imminent danger of serious physical injury, Petitioner is ineligible to proceed *in forma pauperis* in this action.[1]

### B. Challenge to Duration of Confinement and Denial by Parole Board

Petitioner asserts that his claims concerning restrictions to his mail will affect the duration of his confinement. Petitioner argues that the mail restrictions have caused him to be unable to communicate with academics. He asserts that unless he has academics "glamorizing" his discoveries, he has nothing to show the Parole Board to persuade them to release him. (ECF No. 1 at 4).

Petitioner raised a similar argument in the objections to the findings and recommendation in his previous case, Kurbegovich v. Unknown Politicians, 1:14-cv-01202-LJO-SKO-HC. In the Order Re: Findings and Recommendations, the District Judge noted that although Petitioner argued that his claims concerning mail delivery affect the duration of his confinement, any effect is entirely speculative, and therefore, he was not entitled to habeas relief. See Kurbegovich v. Unknown Politicians, 1:14-cv-01202-LJO-SKO, ECF No. 11).

To the extent that Petitioner's claim about the mail affecting his duration of confinement is a challenge to his parole denial, this claim must be denied. The Supreme Court has characterized as reasonable the decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment Due Process Clause, which in turn requires fair procedures with respect to the liberty interest. Swarthout v. Cooke, 131 S.Ct. 859, 861-62, 178 L. Ed. 2d 732 (2011).

However, the procedures required for a parole determination are the minimal requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979). Swarthout, 131 S.Ct. at 862. In Swarthout, the Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the decision to deny parole. The Court stated:

---

[1] The Court notes that parts of the petition are unintelligible.

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. (Citation omitted.) When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal. In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. (Citation omitted.)

Swarthout, 131 S.Ct. at 862. The Court concluded that the petitioners had received the process that was due as follows:

> They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied....
> That should have been the beginning and the end of the federal habeas courts' inquiry into whether [the petitioners] received due process.

Swarthout, 131 S.Ct. at 862.

Here, Petitioner argues that the restrictions on his mail have caused him to be unable to receive documentation from academics which would support his theories. Petitioner asserts that he would have presented the documentation from academics to the Parole Board. Petitioner is not asserting that he was denied access to his records or that he was not able to contest the evidence at the hearing. Petitioner does not allege a violation of due process that is a permissible federal habeas challenge. See Swarthout, 131 S.Ct. at 862. In this regard, Petitioner does not state facts that point to a real possibility of constitutional error or that otherwise would entitle Petitioner to habeas relief. Petitioner's claims in the instant petition about whether he was able to receive documentation from academics which he would have presented to the Parole Board is not within the scope of this Court's habeas review under 28 U.S.C. § 2254.

Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation. Wilson v. Corcoran, 131 S.Ct. at 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991). Alleged errors in the application of state law are not cognizable in federal habeas corpus. Souch v. Schaivo, 289 F.3d

1  616, 623 (9th Cir. 2002) (an ex post facto claim challenging state court's discretionary decision
2  concerning application of state sentencing law presented only state law issues and was not
3  cognizable in a proceeding pursuant to 28 U.S.C. § 2254); Langford v. Day, 110 F.3d 1380, 1389
4  (9th Cir. 1996). The Court accepts a state court's interpretation of state law. Langford, 110 F.3d
5  at 1389. In a habeas corpus proceeding, this Court is bound by the California Supreme Court's
6  interpretation of California law unless the interpretation is deemed untenable or a veiled attempt
7  to avoid review of federal questions. Murtishaw v. Woodford, 255 F.3d 926, 964 (9th Cir.
8  2001).

9  In this case, when the Court liberally construes the petition, Petitioner may be arguing
10 that the state courts improperly denied his release under California parole laws. However,
11 Petitioner does not specifically raise any federal challenges to the application of the state laws.
12 Petitioner does not set forth any specific facts concerning his attendance at the parole hearing, his
13 opportunity to be heard, or his receipt of a statement of reasons for the parole decision.
14 Petitioner has not alleged facts pointing to a real possibility of a violation of the minimal
15 requirements of due process set forth in Greenholtz, 442 U.S. 1. Without alleging a federal basis
16 for his claims, Petitioner has not presented claims entitled to relief by way of federal habeas.
17 The Court concludes that to the extent that Petitioner's claim that the duration of his confinement
18 is affected by the mail restrictions actually is a challenge to the Parole Board's denial of parole,
19 this claim fails to state a cognizable claim for relief. However, the Court will grant Petitioner
20 leave to file an amended habeas petition for his claim concerning the Parole Board's denial of
21 parole before the Court dismisses this claim and the action.

## II.

### ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's claim concerning the restrictions to his mail is CONSTRUED as a 42 U.S.C. § 1983 civil rights complaint;

2. Pursuant to 28 U.S.C. § 1915(g), Petitioner is NOT AUTHORIZED to proceed *in forma pauperis* in the 42 U.S.C. § 1983 civil rights complaint concerning the

restrictions to Petitioner's mail;

3. The 42 U.S.C. § 1983 civil rights complaint concerning Petitioner's restrictions to his mail is DISMISSED WITHOUT PREJUDICE, to Petitioner refiling his claim concerning the restrictions to his mail as a 42 U.S.C. § 1983 civil rights complaint with the submission of the $400.00 fee in full; and

4. Petitioner's petition is DISMISSED with leave to amend;

5. Petitioner is GRANTED thirty (30) days from the date of service of this order in which to file an amended habeas petition for his claim concerning the duration of confinement and the denial by the Parole Board. As a general rule, an amended pleading supersedes the original pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Petitioner files an amended petition, the original petition no longer serves any function in the case. Therefore, in an amended petition, as in an original petition, each claim must be sufficiently alleged; and

6. Petitioner is forewarned that the failure to comply with this order will result in dismissal of the action for failure to comply with a court order. Local Rule 110.

IT IS SO ORDERED.

Dated:   **June 18, 2015**

UNITED STATES MAGISTRATE JUDGE